UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMES ROBERTS a/k/a GILBERT ALLEN #305807** | **CIVIL ACTION** |
| **versus** | **NO. 07-1273** |
| **SHELLEY VIX I.D.B.** | **SECTION: "I" (1)** |

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2).[1] Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITHOUT PREJUDICE**.

---

[1] Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination. According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

Petitioner, James Roberts a/k/a Gilbert Allen, is a state prisoner who, on January 9, 2007, was convicted of two counts of distribution of cocaine in violation of La.Rev.Stat.Ann § 40:967.[2] On January 26, 2007, he was sentenced on each conviction to a term of thirty years imprisonment. It was ordered that his sentences run concurrently and that two years be served without benefit of probation, parole, or suspension of sentence.[3] On that same date, he filed a motion for appeal.[4] The state has filed a multiple offender bill of information[5] and a hearing on that bill is currently set for June 22, 2007.[6]

On March 14, 2007, petitioner filed this federal application for *habeas corpus* relief. In support of his application, he appears to argue that he was convicted based on inconsistent evidence and that he received ineffective assistance of counsel.[7] The state argues that petitioner's federal application should be dismissed because he has not yet exhausted his remedies in state court.[8]

Pursuant to 28 U.S.C. § 2254(b)(1)(A), a petitioner normally must first exhaust his remedies in state court before seeking *habeas corpus* relief from the federal courts. "To exhaust, a petitioner must have fairly presented the substance of his claim to the state courts." Wilder v. Cockrell, 274 F.3d 255, 259 (5th Cir. 2001) (internal quotation marks omitted). Generally, the

---

[2] State Rec., Vol. I of I, minute entry dated January 9, 2007; State Rec., Vol. I of I, jury verdict form.

[3] State Rec., Vol. I of I, minute entry dated January 26, 2007.

[4] State Rec., Vol. I of I.

[5] State Rec., Vol. I of I.

[6] Rec. Doc. 12, Exhibit 1.

[7] Rec. Docs. 1 and 6.

[8] Rec. Doc. 12.

exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner according to state court rules.  Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988).

In this case, petitioner's convictions are currently on appeal before the Louisiana Fourth Circuit Court of Appeal and, therefore, are not yet final.  He has not presented his claims to the Louisiana Supreme Court.[9]  In light of the foregoing, he clearly has not yet exhausted his state court remedies.

### RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by James Roberts a/k/a Gilbert Allen be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this fifteenth day of June, 2007.



    **SALLY SHUSHAN**
    **UNITED STATES MAGISTRATE JUDGE**

---

[9] Rec. Doc. 12, Exhibit 2.